IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01769-REB-MJW

HEALTHCARE VENTURES, LLC, a Colorado limited liability company,
NEXUS OUTSOURCE GROUP, LLC, a Colorado limited liability company, and
ARI KRAUSZ,

Plaintiffs,

v.

ALEXANDER ORNSTEIN and
SILVER LEAF CONSULTING, INC., a New York corporation,

Defendants.

## ORDER ON
## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
## (Docket No. 19)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

      This case is before this court pursuant to an Order Referring Case (Docket No. 6) issued by Judge Robert E. Blackburn on July 8, 2013.

      Now before the court is Plaintiffs' Motion for Leave to File Amended Complaint (Docket No. 19). The court has carefully considered the subject motion (Docket No. 19), defendants' response (Docket No. 22), and plaintiffs' reply (Docket No. 26). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

      Plaintiffs' Complaint (Docket No. 1) was filed on July 5, 2013. Defendants responded to plaintiffs' Complaint by filing a Motion to Dismiss (Docket No. 9) on August

2

26, 2013. On November 7, 2013, the court issued a Recommendation (Docket No. 17) recommending that defendants' Motion to Dismiss be granted and plaintiffs' Complaint be dismissed without prejudice for lack of personal jurisdiction. Specifically, the court found that plaintiffs had failed to demonstrate sufficient contacts with Colorado to warrant specific or general jurisdiction over defendants. On November 21, 2013, plaintiffs filed an Objection (Docket No. 18) to the court's Recommendation, and on December 9, 2013, defendants filed a Response (Docket No. 21) to plaintiffs' Objection. The court's Recommendation is currently pending before Judge Blackburn. On November 21, 2013, plaintiffs file the subject Motion for Leave to Amend (Docket No. 19).

Although the Federal Rules of Civil Procedure provide that a court should grant leave to amend "freely . . . when justice so requires," see Fed. R. Civ. P. 15(a), the court must first determine whether the amendment is within the deadline prescribed by the Scheduling Order. Here, the Scheduling Order (Docket No. 13) set the deadline for amendment of pleadings as October 18, 2013. Thus, the deadline to amend pleadings was expired at the time plaintiffs filed the subject motion.

Because plaintiffs' motion is untimely, plaintiffs are first required to show "good cause" under Fed. R. Civ. P. 16(b)(4) for modifying the Scheduling Order. See, e.g., Colo. Visionary Acad. V. Medtronic, Inc., 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning on Rule 16(b)(4)).

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad

faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).  As such, the movant must "show that [he or she was] diligent in attempting to meet the deadline, which means [he or she] must provide an adequate explanation for any delay." Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  If the movant fails to show good cause under Rule 16(b)(4), there is no need for the court to move on to the second step of the analysis, i.e., whether the movant satisfied the requirements of Rule 15(a). Nicastle v. Adams Cnty. Sheriff's Office, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011).[1]

Defendants point to the procedural history in this case and argue plaintiffs have not shown good cause.  Specifically, defendants note that after they filed their motion to dismiss, ["u]nder Rule 15(a)(1)(A) (as extended by Rule 6(d)), plaintiffs had until September 19, 2013 to exercise their right without leave of the Court to withdraw their

---

[1] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b)[(4)] in addition to the Rule 15(a) requirement." Strope v. Collins, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished decision) (internal quotation omitted).

4

original Complaint, file an amended pleading, and allege any facts that they had to support their contention that the Court has personal jurisdiction over defendants. Instead of filing an Amended Complaint that day, however, plaintiffs chose to respond to defendants' motion to dismiss, believing that their arguments would carry the day." Docket No. 22, at 4.  Accordingly, defendants contend plaintiffs made a strategic litigation decision not to seek to amend their complaint based on the assumption that the motion to dismiss would be denied.  Plaintiffs only sought to amend their complaint once they realized the motion to dismiss may be granted.  Defendants argue that they should not have to pay for plaintiffs' unsuccessful strategic decision by prolonging this case further.

In response, plaintiffs argue that they have shown good cause and point to the short time given in the Scheduling Order to amend the complaint.  Plaintiffs contend that they moved to amend the complaint "shortly after becoming aware of the jurisdictional issues."

The court finds that plaintiffs have failed to show good cause.   Plaintiffs are required to show that the scheduling deadline could not have been met despite their diligent efforts.  Defendants' motion to dismiss (Docket No. 9) was filed on August 26, 2013.  The motion to dismiss fully set forth the jurisdictional issues at play in this case. Plainly, plaintiffs became aware of the jurisdictional issues, at the latest, at that time.

On September 3, 2013, the court held a Scheduling Conference and set an amendment of pleadings deadline of October 18, 2013.  Plaintiffs, at that time having been aware of the jurisdictional issues for over a week, could have requested a later deadline for amendment of pleadings.  Plaintiffs failed to do so.  Regardless, plaintiffs

5

still had a full forty-five days until the deadline expired.

In addition, as pointed out by defendants, plaintiffs had until September 19, 2013 to file an amended complaint without leave of the court.  Again, plaintiffs failed to do so. Instead, plaintiffs chose to file a response to the motion to dismiss on September 19, 2013.  Further, the October 18, 2013 deadline date came and went without plaintiffs seeking any kind of extension to the deadline.

Not until this court issued its Recommendation on November 7, 2013, and plaintiffs realized that the motion to dismiss may be granted, did plaintiffs seek to amend their complaint.  They did so two weeks later on November 21, 2013.

Under these circumstances, the court cannot find that plaintiffs acted in a diligent manner.  Plaintiffs took eighty-seven days to move to amend their complaint after they became aware of the jurisdictional issues.  As outlined above, it is abundantly clear that plaintiffs could have met the original scheduling deadline had they acted with diligence. Accordingly, the court finds that plaintiffs have failed to show good cause.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that  Plaintiffs' Motion for Leave to File Amended Complaint (Docket No. 19) is **DENIED**.


Date:  January 14, 2014                    s/ Michael J. Watanabe
       Denver, Colorado                    Michael J. Watanabe
                                           United States Magistrate Judge